**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **ZURAB KHORGUANI** | **CASE NO.  1:25-CV-01959 SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **SCOTT LADWIG ET AL** | **MAG. JUDGE PEREZ-MONTES** |

**MEMORANDUM ORDER**

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by Petitioner Zurab Khorguani ("Khorguani"), an immigration detainee at IAH Secure Adult Detention Facility in Livingston, Texas.[1]  At the time of filing, Khorguani was detained at the ICE Processing Center in Jena, Louisiana. ECF No. 1.  The federal Respondents answered the Petition (ECF No. 13), Khorguani submitted a Reply and a Notice of Supplemental Authority (ECF Nos. 14, 15), and the Government submitted another Response (ECF No. 16).

After careful consideration of the record, the parties' memoranda, and the applicable law, the Petition is GRANTED.

**I.      BACKGROUND**

Khorguani is a citizen of Georgia.  According to the Notice to Appear, he entered the United States on April 20, 2023.  ECF No. 13-1 at 1.  On April 21, 2023, Khorguani was released on recognizance.  ECF No. 1-5 at 1.

---

[1] https://locator.ice.gov/odls/#/details

Khorguani alleges that he has been detained since he was arrested at a checkpoint in Tennessee on November 12, 2025.  ECF No. 1 at 3.

On January 8, 2026, an immigration judge ordered Khorguani removed to Georgia or, alternatively, Germany.  ECF No. 13-4 at 5.  Khorguani appealed, but a briefing schedule has not been set.[2]

## II.    <u>LEGAL STANDARD</u>

A federal district court may grant a writ of habeas corpus to a petitioner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  The petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Villanueva v. Tate*, 801 F. Supp. 3d 689, 696 (S.D. Tex. 2025) (internal citations omitted).  A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require."  *Id.* (citing 28 U.S.C. § 2243).

## III.    <u>ANALYSIS</u>

Khorguani's case hinges on whether his re-detention without a hearing or other discretionary review violates the due process guarantees of the Constitution. This issue is separate and apart from whether he would be statutorily detainable under 8 U.S.C. § 1225(b).  *See Hernandez-Fernandez v. Lyons*, 5:25-CV-00773, 2025 WL 2976923, at *7 (W.D. Tex. Oct. 21, 2025); *see also Alvarado v. Vergara*, 1:26-CV-00309, 2026 WL 594366, at *3 (W.D. Tex. Mar. 2, 2026).

---

[2] https://acis.eoir.justice.gov/en/caseInformation

The Government asserts that "the court cannot review a decision to return an applicant for admission to mandatory detention during the pendency of their removal proceedings." ECF No. 16 at 6. But the Court finds that, once released from immigration custody, Khorguani acquired a protectable liberty interest in remaining out of custody, such that he was entitled to a pre-deprivation hearing before revocation. *See Hernandez-Fernandez*, 2025 WL 2976923, at *9. Therefore, his re-detention without notice and a pre-deprivation hearing deprived him of procedural due process.

First, the Court has jurisdiction to consider the Petition. *See Diallo v. Trump*, 1:25-CV2012, 2026 WL 382606, at *1 (W.D. La. Feb. 4, 2026) (citing *Barros v. Noem*, 25-CV-488, 2025 WL 3154059, at *2–3 (W.D. Tex. Nov. 10, 2025)).

Next, just as this Court determined in *Diallo*, 1:25-CV-2012, ECF No. 73, the jurisprudence "does not foreclose [Khorguani's] due process claims, which seek to vindicate a right to an individualized bond hearing." *Hernandez-Fernandez*, 2025 WL 2976923, at *7 (citations omitted).

The Government argues that reliance on *Mathews v. Eldridge*, 424 U.S. 319 (1976), is erroneous. ECF No. 16 at 4. But like the Court determined in *Diallo* and *Ghughunishvili v. Trump*, 3:26-CV-086 (W.D. La.), *Mathews* is applicable to determine whether Khorguani's civil detention violates his due process rights.[3] Those factors are: (1) "the private interest that will be affected by the official action";

---

[3] The Court recognizes that there is division within the Circuit, and even within judicial districts as to whether a due process right is implicated.

(2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

### 1. Private Interest

"'The interest in being free from physical detention' is 'the most elemental of liberty interests.'" *Martinez v. Noem,* 5:25-CV-1007, 2025 WL 2598379, at *2 (W.D. Tex. Sept. 8, 2025) (quoting *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004)). The Fifth Circuit's holding that § 1225(b) provides for mandatory detention, *see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026), does not negate "the liberty interests created by the fact that the Petitioner[ ] in this case [was] released on recognizance prior to the manifestation of this interpretation." *Lopez-Arevelo*, 801 F. Supp. 3d at 677–78 (citing *Espinoza v. Kaiser*, 1:25-CV-01101, 2025 WL 2581185, at *10 (E.D. Cal. Sept. 5, 2025)).

The Government released Khorguani on his own recognizance under § 236 of the Immigration and Nationality Act. ECF No. 1-5 at 1. That is, he was classified under 8 U.S.C. § 1226(a). And release under § 1226(a) entitles an alien to "a bond redetermination hearing before revocation," which Khorguani was not provided. *Chiliquinga Yumbillo v. Stamper*, No. 2:25-CV-00479, 2025 WL 2783642, at *4 (D. Me. Sept. 30, 2025) (citing *Bermeo Sicha v. Bernal*, No. 1:25-CV-00418, 2025 WL 2494530, at *4–6 (D. Me. Aug. 29, 2025)); *see also Matter of Sugay*, 17 I. & N. Dec.

637, 640 (BIA 1981); *Aguilar v. Noem, et al.,* 5:26-CV-0683, 2026 WL 990023, at *6 (W.D. Tex. Apr. 13, 2026) (citing *Zhu v. Genalo*, 798 F.Supp.3d 400, 408 (S.D.N.Y. 2025) ("contrary to the Government's assertions, Petitioner's liberty interests are implicated by his redetention even if ICE has discretion to revoke his supervision")).

Accordingly, Khorguani acquired "a protected liberty interest in [his] continued liberty," having spent two and a half years released on his own recognizance in the United States, such that the Government cannot revoke him at their whim.  *See Hernandez-Fernandez,* 2025 WL 2976923, at *8–9 (citing *Espinoza,* 2025 WL 2581185, at *9; *Diaz v. Kaiser*, No. 25-CV-05071, 2025 WL 1676854, at *2 (N.D. Cal. June 14, 2025); *M.S.L. v. Bostock*, No. 6:25-CV-01204-AA, 2025 WL 2430267, at *8 (D. Or. Aug. 21, 2025); and *Rosado v. Figueroa*, No. 25-CV-02157, 2025 WL 2337099, at *12 (D. Ariz. Aug. 11, 2025)); *see also Pineda-Berrios v. Lyons,* 1:25-CV-2332, 2026 WL 384159, at *7 (E.D. Va. Feb. 11, 2026) ("Although the federal respondents have discretion to release a noncitizen on parole, that does not mean they can revoke that parole on a mere whim…..").  This factor favors Khorguani.

### 2.  Risk of Erroneous Deprivation

Under the second *Mathews* factor, the Court considers "'whether the challenged procedure creates a risk of erroneous deprivation of individuals' private rights and the degree to which alternative procedures could ameliorate these risks." *Martinez*, 2025 WL 2598379, at *3 (W.D. Tex. Sept. 8, 2025) (quoting *Gunaydin v. Trump*, 784 F.Supp.3d 1175, 1187 (D. Minn. 2025)).  By re-categorizing Khorguani as an alien subject to mandatory detention under § 1225, he is necessarily deprived of

"an opportunity to contest the existence, nature, or significance of [any] supervision violations." *Espinoza*, 2025 WL 2581185, at *11. This presents an avoidable risk of erroneous deprivation. *See Vieira*, 806 F.Supp.3d at 701 ("The risk lies in the automatic continued deprivation of liberty ..."). "[A] bond hearing or pre-detention notice … would reduce the likelihood of an erroneous loss of liberty." *Alvarado*, 2026 WL 594366, at *4. And such alternatives are readily available. *See Hernandez-Fernandez*, 2025 WL 2976923, at *9 (citing *Velesaca v. Decker*, 458 F.Supp.3d 224, 242 (S.D.N.Y. 2020)). Thus, this factor also weighs in Khorguani's favor.

### 3. Government's Interest

"The Government has a legitimate interest in preventing a detainee's flight and in protecting the community." *Gutierrez v. Thompson*, No. 4:25-4695, 2025 WL 3187521, at *8 (S.D. Tex. Nov. 14, 2025). And "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003). "However, the government has little legitimate interest in suddenly detaining without a hearing noncitizens whom DHS already determined to be neither a flight risk nor a danger to the community." *Bermeo Sicha*, 2025 WL 2494530, at *6 (citing *Hernandez-Lara v. Lyons*, 10 F.4th 19, 26 (1st Cir. 2021)); *see also Saravia v. Sessions*, 280 F.Supp.3d 1168, 1176 (N.D. Cal. 2017), *aff'd* 905 F.3d 1137 (9th Cir. 2018) (explaining that initial release "reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk."). Given the lack of evidence of any violation of the terms of release, and the lack of evidence that Khorguani presents a flight risk or danger to the community,

this factor weighs in Khorguani's favor. *See Hernandez-Fernandez,* 2025 WL 2976923, at *9–10.

Because the *Mathews* factors heavily favor Khorguani, the Court finds that his re-detention deprives him of a constitutional right to procedural due process under the Fifth Amendment. The appropriate remedy for this "arbitrary deprivation of liberty," is immediate release "subject to the bond conditions originally imposed." *See Hernandez v. Bernacke,* 2:26-CV-00355, 2026 WL 497340, at *2 (D. Nev. Feb. 23, 2026).

## IV.   CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. Respondents are ORDERED to release Khorguani from custody within seven days.

IT IS FURTHER ORDERED that the parties shall file a joint notice of compliance with this Order within 24 hours of Khorguani's release.

THUS DONE in Chambers on this 13th day of May, 2026.

_Jerry Edwards, Jr._

JERRY EDWARDS, JR.
UNITED STATES DISTRICT JUDGE